IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **AUDREL JACK WATSON, JR.,** | ) | |
|     Petitioner, | ) | Civil Action No. 7:20cv00424 |
| | ) | |
| v. | ) | **<u>MEMORANDUM OPINION</u>** |
| | ) | |
| **WARDEN,** | ) | By: Norman K. Moon |
|     Respondent. | ) | Senior United States District Judge |

Audrel Jack Watson, Jr., a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Virginia. That court directed that he file an amended petition, which would be the "sole petition" in the case (Dkt. No. 4 at 2), and which Watson filed. (Dkt. No 11.) That court then transferred the case here, because the criminal judgments that Watson challenges are from Rockingham County Circuit Court, within the Western District of Virginia. (Dkt. No. 17.) By order entered July 23, 2020, the court notified Watson that his petitions appeared to be untimely. Although Watson had addressed issues of timeliness in his amended petition, the court gave him another opportunity to respond with any additional information or argument on the timeliness of the petition. (Dkt. No. 19.) *See Hill v. Braxton*, 277 F.3d 701, 706–07 (4th Cir. 2002) (district court may *sua sponte* dismiss habeas petition based on limitations after first giving petitioner an opportunity to address the issue). Watson filed a response. (Dkt. No. 20.)

    Upon review of the petition and pertinent state court records, it is evident that Watson's petition is untimely. For this reason, the case must be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a

---

[1] A petition may be dismissed pursuant to Rule 4 if it is clear from the petition that a petitioner is not entitled to relief.

federal petition for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1)(A)–(D).

This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Watson challenges convictions out of Rockingham County Circuit Court for various charges, and he was sentenced on all of those charges on October 22, 2007.  He did not appeal.  Instead, in May 2017, approximately ten years later, he filed a petition for review, as discussed in more detail below in the state circuit court.

Under § 2244(d)(1)(A), Watson's conviction became final, and the federal habeas limitations period began to run, in November 2007, when his thirty-day period to appeal expired.  *See* Va. S. Ct. R. 5A:6 (providing that a defendant has thirty days after entry of judgment to note an appeal).  Watson did not file any appeals and did not file any habeas action, either in state court or in this court, within the year that followed.  Watson's petition here was signed on May 20, 2020.  Using that as the filing date, his petition was filed more than a decade after the limitations period expired under § 2244(d)(1)(A) and clearly is untimely.

Watson eventually filed some challenges to his convictions and sentences, beginning in

May 2017.  One was addressed by the Supreme Court of Virginia ("SCV") in a 2019 decision,[2] which also discusses the procedural history of those challenges.  Specifically, in in *Commonwealth v. Watson*, 827 S.E.2d 778 (Va. 2019), *cert. denied*, 140 S. Ct. 2583 (2020), the court gave the following background:

> In 2007, [Watson] was convicted on *Alford* pleas to several offenses, including four counts of using a firearm in the commission of a felony . . . The circuit court sentenced him to a term of three years' imprisonment for each count, to be served consecutively.
>
> Ten years later, Watson filed a motion to vacate three of the four sentences imposed upon him as void ab initio.  He noted that the statute imposed a mandatory minimum term of five years' imprisonment for any second or subsequent offense.  Consequently, he asserted, three of his three-year sentences are void ab initio for being shorter than the statutorily-prescribed five-year minimum.

*Id.* at 778.

The circuit court agreed with Watson, entered an order granting Watson's motion to vacate those sentences, and reopened the relevant criminal cases for further proceedings.  *Id.* The Commonwealth was granted an appeal.  In its decision, the SCV disagreed with the circuit court's determination that the judgments were void ab initio.  Instead, it concluded that they were merely voidable.  *Id.* at 781.  Reasoning that circuit court thus lacked jurisdiction under Rule 1:1 to consider Watson's motion to vacate, the SCV vacated the lower judgment granting the motion and reopening the associated criminal cases.  *Id.*

Watson's argument that his federal habeas petition is timely is intertwined with that decision.  Specifically, he argues that the SCV was incorrect about his judgment being only

---

[2] The SCV handed down a separate decision in Watson's case the same day, but it is not relevant here.  *See Watson v. Commonwealth*, 827 S.E.2d 782 (2019) (concluding that Watson lacked standing to seek vacatur of sentences imposed on other felons and that those other felons were necessary parties to his motion).

voidable and not void ab initio. From there, he reasons that "there is no expiration" and "no deadline" to seek judicial or collateral review on "void ab initio" judgments. (Dkt. No. 20 at 1.) He contends that this is supported by the fact that the circuit court (and ultimately the SCV) addressed his claims, even years after the initial judgment.

Watson's argument is unpersuasive. As an initial matter, he ignores the SCV's ruling, including its determination that the circuit court did not have authority to consider his motion to vacate or to reopen the criminal proceedings. But even if he is correct, and his judgment is void ab initio, a number of other courts have held that federal habeas petitions challenging the validity of the underlying judgment—and even as void ab initio—still must comply with the applicable statute of limitations. In *Frazier v. Moore*, 252 F. App'x 1 (6th Cir. 2007), for example, the court reasoned:

> [E]ven if Frazier is correct that . . . his judgment was defective, that does not lead to the conclusion that there was no judgment for the purpose of § 2244(d)'s one year statute of limitations. Many of the petitions cognizable on federal habeas review challenge the validity of the underlying state court judgment. The fact that the state court judgment may have been procured in violation of state or federal law does not, however, render the judgment null under § 2244(d). This is revealed by an examination of § 2244(d) and the practice that has developed thereunder. First, the language of the statute requires only custody "pursuant to the judgment of a state court." Nothing in the text requires that the judgment be valid under state or federal law.
>
> Furthermore, the validity of a judgment as a matter of state law is for the state to determine. Federal courts only adjudicate questions of federal law. *See Bell v. Arn,* 536 F.2d 123, 125 (6th Cir. 1976). To the extent that Frazier claims that the Ohio judgment is invalid under state law, that claim is not cognizable on habeas review.

*Id.* at 5–6; *Hackett v. Bradshaw*, No. 1:12-CV-00737, 2012 WL 6869833, at *6 (N.D. Ohio Dec. 4, 2012), *report and recommendation adopted,* 2013 WL 179403 (N.D. Ohio Jan. 16, 2013) (discussing and following *Frazier)*.

In *Gore v. Gordy,* No. 516CV01265, 2017 WL 1018735 (N.D. Ala. Mar. 16, 2017), the

court held the same in addressing petitioner's argument that his state court judgement was "void ab initio":

> That Gore repeatedly asserts that the state court acted without jurisdiction and that its judgment was therefore "void ab initio" simply does not make it so. The judicial tribunal that imposed the criminal judgment in Gore's case is a duly constituted Alabama state circuit court that had subject-matter jurisdiction to hear and determine the felony charge against him. *See* Ala. Code § 12-11-30; *Ex parte Seymour*, 946 So. 2d 536, 538-39 (Ala. 2006). As the magistrate judge explained in the R&R, Gore's habeas petition is plainly governed by 28 U.S.C. § 2254 and is therefore subject to the restrictions imposed on such petitions, including the one-year limitations period of 28 U.S.C. § 2244(d)(1). And as the magistrate judge further recognized, that statute of limitations makes no exception for claims going to the jurisdiction of the state court that imposed the judgment.

*Id.* at *1; *see also Loyd v. Virginia*, No. 1:11CV1327, 2012 WL 12973671, at *1 (E.D. Va. Mar. 7, 2012) (rejecting petitioner's argument that his judgment, which he claims was void ab initio, could be challenged at any time and thus was not subject to the one-year limitations period); *Breese v. Maloney*, 322 F. Supp. 2d 109, 111–12 (D. Mass. 2004) (same). Consistent with these courts, I conclude that Watson's arguments about his "void ab initio" judgment cannot render his federal habeas petition timely under § 2244(d)(1)(A).

Watson also appears to be arguing that his petition should be deemed timely under subsection (D). In particular, he states that "due to mental illness," he was unable to discover the factual predicates of his claims and that he acted with "due diligence" once his mental illness resolved. (Am. Pet. 14.) In his recently filed document, he attempts to incorporate a copy of his 204-page "motion to withdraw all pleas" he filed in the circuit court, although he does not provide the document. He claims, though, that his mental illness did not subside sufficiently for him to adequately pursue collateral relief for about ten years after he was sentenced.

Even crediting Watson's factual assertions on this issue, the one-year limitations period would have begun in 2017. He still did not file here until three years later. Indeed, he filed his

5

state petition in 2017 raising these same issues, and so he knew the factual predicates of his claim by that date, at the latest. Despite that, he did not file in this court until May 2020. This was not the earliest he could have filed with due diligence. Thus, his petition is not timely under this provision, either.

In conjunction with his request for application of subsection (D), Watson argues that his time-period should be tolled while his state proceedings occurred. But a state petition filed after the federal time-limit has passed does not toll the federal period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Additionally, it is well-established that an untimely filed state petition does not toll the federal limitations period under § 2244(d)(2) because it is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Watson's references to his long-standing mental illness may also be construed as a request for equitable tolling.[3] Equitable tolling is proper only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other

---

[3] Watson does not contend that he is actually innocent of his convictions, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), which—if he could satisfy the stringent requirements for a threshold showing—also might allow him to an otherwise untimely petition.

6

extraordinary circumstance beyond his control prevented him from complying with the statutory time limit," despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330. An inmate asserting equitable tolling "bears a strong burden to show specific facts" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

As the Fourth Circuit has explained, "equitable tolling as a result of a petitioner's mental condition" is only appropriate "in cases of profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). In so reasoning, *Sosa* cited to a Ninth Circuit case that referenced circumstances such as "institutionalization or adjudged mental incompetence." *Id* (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). Watson's petition before this court does not provide any such specifics as to his mental condition, nor does he provide details showing he was profoundly incapacitated for more than a decade.

Even if equitable tolling for some period of time was warranted due to his mental illness, however, he admits that his illness resolved at about 2017. He has not provided any explanation as to why, using reasonable diligence at that point, *see Harris*, 209 F.3d at 330, he could not file his federal petition until three years later. Again, then, equitable tolling cannot render Watson's petition timely.

For the foregoing reasons, I conclude that Watson's petition is time-barred and must be dismissed.

An appropriate order will be entered.

**ENTER**: This 31st day of August, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE